■ ALBI S. A. R. L., Appellant-Respondent, v AMERICAN TEXTRAMICS, INC., Respondent-Appellant.—Order, Supreme Court, New York County, entered January 17, 1978, unanimously modified, on the law, to deny plaintiff-appellant-respondent's motion for summary judgment dismissing defendant-respondent-appellant's first counterclaim, and otherwise affirmed, without costs and without disbursements. Plaintiff, a prospective purchaser of fabric from defendant, entered into an agreement with the seller, including terms for shipment and payment by letter of credit. A letter of credit was opened, containing a term not in the original agreement, i.e., for inspection of the goods in New York, as to which the original agreement had been silent. Defendant refused the inspection. Plaintiff sues for breach of contract. There are various questions raised on plaintiff's motion for summary judgment: a claimed oral agreement to permit the inspection here, the effect of prepayment of freight charges as to which there are varying versions, and the reasons why inspection here would not be acceptable. Special Term properly denied summary judgment. Defendant-respondent-appellant's first counterclaim, dismissed at Special Term, is intimately bound up in terms of factual involvement with plaintiff's cause for breach. It is for damage sustained in selling off the unacceptable goods to others to mitigate damage. Obviously, liability on this counterclaim depends in large measure on the outcome of plaintiff's claim; if one is to be tried, therefore, the other should be. As to the second counterclaim, we agree with Special Term that there is insufficient proof to establish that defendant is entitled to receive payment from plaintiff of commission for recommendation of customers according to some vague and shadowy arrangement. Concur—Murphy, P. J., Silverman, Evans, Lane and Markewich, JJ.